IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carol A. Seawright, | ) | C/A No. 3:09-1197-CMC-PJG |
|       Plaintiff, | ) | |
| v. | ) | |
| South Carolina Department of Juvenile Justice; Bill Byars, in his official and individual capacities; Margaret Barber, and Randall Grant, in their individual capacities, | ) | **REPORT AND RECOMMENDATION** |
|       Defendant. | ) | |

The plaintiff, Carol Seawright ("Seawright"), filed this action stemming from her separation from employment with Defendant South Carolina Department of Juvenile Justice ("Department"). In addition to the Department, Seawright sues Department Director Bill Byars, in his individual and official capacities, and two other Department officials, Margaret Barber and Randall Grant, in their individual capacities. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss and for summary judgment. (ECF No. 31.) Although Seawright was represented by counsel when she initiated this action, she is now proceeding *pro se*. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Seawright of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion. (ECF No. 32.) Seawright filed a cross-motion for summary judgment and a response opposing the defendants' motion. (ECF No. 40.) The defendants filed a response to Seawright's motion for summary judgment (ECF No. 42) and Seawright filed a reply (ECF No. 43). Additionally, Seawright filed a

"motion to dismiss" in which she seeks to dismiss the defendants' motion for summary judgment. (ECF No. 44; see also ECF No. 45.)

The court previously extended the scheduling order in this matter, suspending the court-imposed mandatory mediation deadline until the issues of the defendants' immunity from suit were resolved. (ECF No. 54); see Pearson v. Callahan, 129 S. Ct. 808, 818 (2009) (stating that qualified immunity is not only a defense to liability but immunity from suit). Having carefully considered the parties' submissions, the court concludes that the Department, Defendants Barber and Grant, Defendant Byars in his individual capacity, and Defendant Byars in his official capacity to the extent Seawright seeks retroactive relief, are all immune from suit. As Seawright asserts a claim against Defendant Byars in his official capacity for prospective injunctive relief for which he is not immune from suit, that claim should proceed to mediation in accordance with the court's standing order.[1] See Standing Order to Conduct Mediation dated Dec. 1, 2000, No. 4:00-mc-5001-CMC, ECF No. 12 (Currie, J.). Accordingly, Defendant Byars's motion for summary judgment on that claim should be held in abeyance.

**BACKGROUND**

Seawright is the former Fiscal Affairs Administrator for the Department. As such, she served essentially as the Department's chief financial officer and was under the supervision of Defendant Grant, the Director for Administrative Services and Seawright's immediate supervisor; Defendant Barber, Chief of Staff; and Defendant Byars, the Director of the Department. Seawright's claims

---

[1] (See Def.'s Mem. Supp. Mot. Dismiss at 33, ECF No. 31-1 at 33 (essentially conceding that Seawright's claim for prospective relief against Byars in his official capacity is not barred by the Eleventh Amendment and turns on the substantive issue of whether Seawright's speech is protected under the First Amendment)).



all stem from her contention that the defendants retaliated against her—including but not limited to terminating her employment—for exercising her constitutional rights to free speech by reporting financial mismanagement, exposing false or misleading financial projections, and raising potential safety violations. Her Complaint asserts three causes of action: (1) a claim under 42 U.S.C. § 1983 against Defendants Byars, Barber, and Grant in their individual capacities; (2) a claim arising under 42 U.S.C. § 1983 seeking injunctive relief against Defendant Byars in his official capacity; and (3) a state law claim against the Department for wrongful termination. The individual defendants and the Department have asserted in their motion that they are immune from suit. Defendants Byars, Barber, and Grant additionally argue that they are entitled to a judgment as a matter of law because Seawright has not shown that she engaged in speech or activity protected by the First Amendment.

## DISCUSSION

**A.     Standard for Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).



B.  **Immunity**

1.  **Eleventh Amendment Immunity of the Department**

The Department correctly asserts that it is immune from suit on Seawright's claim that she was terminated in violation of public policy.  The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. art. XI.  Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State."  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").  As a state agency, the Department is protected from suit in federal court by the Eleventh Amendment.  See S.C. Code Ann. § 1-30-10(A) (creating the Department as an agency of the State of South Carolina); Curry v. State of South Carolina, 518 F. Supp. 2d 661, 666 (D.S.C. 2007) (holding that the Department is protected by the Eleventh Amendment).  This immunity applies to supplemental state law claims such as the one asserted here.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); see also Raygor v. Regents of University of Minnesota, 534 U.S. 533, 542 (2002) ("[W]e hold that § 1367(a)'s grant of jurisdiction

PJG

does not extend to claims against nonconsenting state defendants."). Accordingly, Seawright's wrongful termination claim against the Department must be dismissed.[2]

### 2. Qualified Immunity of Individual Capacity Defendants

Defendants Byars, Barber, and Grant are entitled to qualified immunity in their individual capacities. Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Henry v. Purnell, 501 F.3d 374, 376-77 (4th Cir. 2007). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. Pearson, 129 S. Ct. at 815-16. Courts may address the two prongs of the qualified immunity analysis in whichever order is appropriate in light of the circumstances of the particular case at hand. Id. at 818, 821.

In determining whether the right violated was clearly established, the court defines the right " 'in light of the specific context of the case, not as a broad general proposition.' " Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 301-02 (4th Cir. 2004) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the

---

[2] Seawright's second cause of action against Defendant Byars in his official capacity, to the extent it seeks retroactive relief in the form of back pay and benefits, is similarly barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Edelman v. Jordan, 415 U.S. 651 (1974).



situation he confronted—then the law affords immunity from suit." Id. (citations and internal quotation marks omitted). Further, "Fourth Circuit precedent is one source for determining whether the law was clearly established at the time of the alleged violation." Vathekan v. Prince George's Cnty., 154 F.3d 173, 179 (4th Cir. 1998).

Viewing the right allegedly violated in light of the specific context of facts presented here, the court concludes that the question of whether the Constitution protects Seawright's speech at issue is not clearly established. The United States Supreme Court has held that, as an essential element of a claim of retaliation in violation of the First Amendment's free speech protections, a public employee must show that she spoke as a citizen, rather than an employee, on a matter of public concern. Garcetti v. Ceballos, 547 U.S. 410 (2006). Exceptions to this rule, if any, are undeveloped, see, e.g., id. at 425 (declining to address whether that analysis would necessarily apply in a case involving speech related to scholarship or teaching), and the line between protected and unprotected speech is often blurry. See Decotiis v. Whittemore, 680 F. Supp. 2d 263, 272-74 (D. Me. 2010) (discussing the fact that Garcetti left to the lower courts the task of fleshing out the distinction between official-duty speech and private-citizen speech). Here, for example, Seawright contends that her speech was made as a private citizen in addition to a public employee because she was personally facing criminal prosecution if she did not resist the Department's alleged plan of financial misconduct and fraud. Whether or not such a distinction, if true, would remove the speech at issue from Garcetti's general rule is far from clearly established. Thus, regardless of its ultimate conclusion as to the merits of Seawright's First Amendment claims, the court cannot unequivocally say on the record presented that the defendants in their individual capacities knew or should have known that preventing or retaliating against Seawright for the speech at issue here violated the First

PJG

Amendment.  See Fields v. Prater, 566 F.3d 381, 390 (4th Cir. 2009); Stickley v. Sutherly, 667 F. Supp. 2d 664, 671 (W.D. Va. 2009) ("Qualified immunity shields a public official for not properly discerning that his decision is on the wrong side" of the "ill-defined line" between protected and unprotected speech.); Decotiis, 680 F. Supp. 2d at 272-74 (noting the lack of a clearly defined line between citizen speech and employee speech in determining that a defendant was entitled to qualified immunity).  Accordingly, Seawright's first cause of action must be dismissed.

## RECOMMENDATION

The court therefore recommends that Seawright's first and third causes of action be dismissed, as the defendants named in those claims are immune from suit.  Further, to the extent Seawright seeks back pay and retroactive benefits against Defendant Byars in his official capacity, Defendant Byars is also immune from suit.  Seawright's claim for prospective injunctive relief against Defendant Byars in his official capacity should proceed to mediation in accordance with the district judge's standing order regarding mediation and the extant scheduling order in this case; accordingly, the remainder of Defendant Byars's motion addressing Seawright's second cause of action should be held in abeyance.  (ECF No. 31.)  Additionally, in light of this recommendation, Seawright's motion for summary judgment (ECF No. 40) and motion to dismiss (ECF No. 44) should also be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 22, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).