IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carol A. Seawright, | ) | C/A No. 3:09-1197-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bill Byars, in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Carol Seawright ("Seawright"),[1] filed this action stemming from her separation from employment with the South Carolina Department of Juvenile Justice ("Department"). Following the Order filed October 25, 2010 of the Honorable Cameron McGowan Currie, United States District Judge, the only remaining issue before the court is the viability of Seawright's claim seeking injunctive relief against Department Director Bill Byars in his official capacity. Judge Currie's Order recommitted this matter to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion summary judgment as it pertains to this remaining claim.[2] (ECF No. 31.) The issue was fully briefed prior to the court's initial Report and Recommendation regarding this motion (ECF No. 59). That Report contains a discussion of the factual background, issues, and the applicable standard for summary judgment, which is incorporated herein in the interest of brevity.

---

[1] Although Seawright was represented by counsel when she initiated this action, she is now proceeding *pro se*.

[2] The assigned magistrate judge previously recommended holding this aspect of Defendant Byars's motion in abeyance pending the fulfillment of the court's standing requirement to conduct mediation in every civil case; however, the district judge deferred the mediation requirement in this case in her October 25 Order. (ECF No. 68 at 15.)

Briefly, the remaining issue turns on whether Seawright, the former Fiscal Affairs Administrator of the Department, can show that her First Amendment free speech rights were violated based on her allegation that she was terminated for reporting financial mismanagement and exposing false and misleading financial projections.[3]

## DISCUSSION

To establish a claim for retaliation in violation of the First Amendment's free speech protections, a public employee plaintiff must show: (1) that she spoke as a citizen, not an employee, on a matter of public concern; (2) that her interest in the expression at issue outweighed the employer's interest in providing effective and efficient services to the public; and (3) that there was a sufficient causal nexus between the protected speech and the retaliatory employment action. Smith v. Frye, 488 F.3d 263, 267 (4th Cir. 2007).

The first required element recognizes the United States Supreme Court's holding that to prevail on a First Amendment free speech claim, a public employee must show that she spoke as a citizen, rather than an employee, on a matter of public concern. Garcetti v. Ceballos, 547 U.S. 410 (2006). In Garcetti, the Court recognized the need to balance the interests of a citizen who is a public employee in commenting on matters of public concern with the interests of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. Id. at 417. The Garcetti Court addressed facts similar to those presented here. In that case a public employee—a deputy district attorney—alleged that he had been subjected to retaliatory employment actions based on his testimony and written memoranda regarding a search warrant that he believed had been obtained with false information. In concluding that the attorney's speech was not protected

---

[3] Judge Currie's Order disposed of Seawright's claim that she was terminated for raising potential safety issues associated with a paint booth. (See Order filed Oct. 25, 2010 at 10-11, ECF No. 68 at 10-11.)

because he did not speak as a citizen on a matter of public concern, the Garcetti Court examined various factors. It found that the location where the speech occurred was not a determinative factor. Id. at 420-21. Nor was the fact that the memorandum concerned the subject matter of the attorney's employment. Id. at 421. Rather, the Court focused on the key fact that the attorney's speech was made *pursuant to his duties* as the calendar deputy district attorney; the attorney was doing what he was employed to do. Id. The attorney's speech, the Court observed, *owed its existence* to his professional responsibilities as a public employee. Id. The Court expressly held that when public employees make statements "pursuant to their official duties," they are not speaking as citizens for First Amendment purposes. Id.

Here, Seawright acknowledges that she engaged in the speech at issue because it was her job to do so. (Seawright Dep. at 175-76, ECF No. 31-1 at 92-93.) Her expressions regarding the alleged financial mismanagement and false projections owe their existence to Seawright's professional responsibilities as the Financial Affairs Administrator for the Department. Although Seawright contends that her speech was made *both* as a public employee and as a citizen and argues that she potentially faced criminal prosecution if she did not speak out, the court finds no support in the controlling precedent for an argument that speech made by a public employee could nonetheless be constitutionally protected because it is made in a dual capacity. Rather, as the Garcetti Court noted, a public employee's speech made pursuant to official duty does not enjoy First Amendment protection, but "[t]he dictates of sound judgment are reinforced by the powerful network of legislative enactments—such as whistle-blower protection laws and labor codes—available to those who seek to expose wrongdoing." Garcetti, 547 U.S. at 425. "These imperatives, as well as obligations arising from any other applicable constitutional provisions and mandates of the criminal and civil laws, protect employees and provide checks on supervisors who would order unlawful or

otherwise inappropriate actions." Id. at 425-26. Post-Garcetti cases addressing public employees' exposure of wrongdoing or refusal to engage in improper conduct have concluded that such speech, made pursuant to official duty, is not protected by the First Amendment. See Fairley v. Andrews, 578 F.3d 518 (7th Cir. 2009) (prison guards' report of inmate abuse); Khan v. Fernandez-Rundle, 287 Fed. Appx. 50 (11th Cir. 2007) (unpublished) (state attorney's refusal to follow a supervisor's instructions to lie to a judge); Sigsworth v. City of Aurora, Ill., 487 F.3d 506 (7th Cir. 2007) (police detective's report of leaks to suspects by his colleagues); Schuster v. Henry Cnty., Ga., 281 Fed. Appx. 868, 870 (11th Cir. 2008) (unpublished) (government accountant's speech made pursuant to his ethical obligation to ensure that the county's financial records were accurate and credible); but see Fierro v. City of New York, 341 Fed. Appx. 696 (2d Cir. 2009) (unpublished) (declining to address whether a public employee's refusal to abide by an instruction to engage in misconduct is protected under the First Amendment but reversing the denial of qualified immunity because such protection, if it existed, was not clearly established).

**RECOMMENDATION**

Based on the law as discussed above, Seawright cannot show that the speech in which she engaged to expose financial mismanagement and prevent false or misleading financial projections was made as a citizen rather than as a public employee pursuant to her official duties. The court therefore recommends that the defendant's motion for summary judgment (ECF No. 31) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 4, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).