IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carol A. Seawright, | ) C/A No. 3:09-1197-CMC-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| South Carolina Department of Juvenile Justice, | ) |
| Bill Byars, in his official and individual capacities, | ) |
| Margaret Barber and Randall Grant, in their | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Through this action, Plaintiff, Carol A. Seawright, ("Seawright"), seeks recovery under both state and federal law theories for her alleged wrongful discharge from employment.[1] Seawright's first and third causes of action and aspects of her second cause of action were resolved by order entered October 25, 2010. Dkt. No. 68. That same order remanded the matter to United States Magistrate Judge Paige J. Gossett for a report and recommendation ("Report") as to surviving aspects of Seawright's second cause of action. That cause of action was pursued under 42 U.S.C. § 1983 ("Section 1983") against Defendant Bill Byars in his official capacity and sought injunctive and other equitable relief for alleged wrongful discharge in violation of the First Amendment to the United States Constitution. Complaint ¶¶ 18-20. As a result of the earlier order, the grounds for this claim were limited on remand to those arising from Seawright's reporting of or opposition to financial mismanagement and false and misleading financial projections.

---

[1] At the time she initiated this action, Seawright was represented by counsel. She undertook her own representation beginning in late March 2010, and is presently proceeding *pro se*. *See* Dkt. No. 68 at n.1.

In the interest of brevity, the court incorporates its recitation of the facts, procedural history, and standard of review from its earlier order, noting here only the Magistrate Judge's entry of a subsequent Report. That Report recommended summary judgment be granted on the remaining aspects of Seawright's second cause of action in light of the rule established in *Garcetti v. Ceballos,* 547 U.S. 410 (2006), and the undisputed fact that the speech which gave rise to the alleged retaliation was made pursuant to Seawright's duties as chief financial officer for the South Carolina Department of Juvenile Justice. Dkt. No. 71 at 3-4.

Seawright has filed a timely Objection to the Report in which she lists nine "issues." Dkt. No. 74. Those nine issues and Seawright's related arguments fall into three categories: (1) arguments addressing issues resolved in this court's order of October 25, 2010; (2) arguments suggesting possible due process violations; and (3) arguments that this court should not apply the majority opinion from *Garcetti*, but should, instead, follow the rationale of Justice Souter's dissent.

To the extent Seawright's arguments relate to any allegation other than that she was subjected to retaliation due to her opposition to the financial practices referenced above, her arguments are better characterized as a request for reconsideration of the earlier order. Nothing in these arguments convinces this court that its earlier ruling was in error.

To the extent Seawright's arguments refer to possible due process violations, they are not properly presented. This is for the simple reason that the Complaint does not allege any due process violation.

The only arguments relevant to the recommendations of the present Report are Seawright's arguments relating to application of *Garcetti*. As noted above, these arguments do not suggest that the Report misapplies the rule in that case. Instead, Seawright suggests that the Report errs in

2

"holding case law (Garcetti v. Ceballos), which was clearly a contested and divisional decision by members of the Supreme Court, above constitutional law which should come first." Dkt. No. 74 at 4. In essence, this argument asks the court to ignore the holding of *Garcetti* in favor of a dissenting opinion which Seawright believes better comports with the intent of the First Amendment. This court is not free to follow such a course. It is, instead, bound to follow the holding and rationale as set forth in the majority opinion.

The court, therefore, finds no merit in any of Seawright's specific arguments in objection to the Report. The court has reviewed all other aspects of the Report for clear error and, finding none, adopts both the rationale and recommendation of the Report.[2]

## CONCLUSION

For the reasons set forth above, in the underlying Report, and in the earlier order of this court, Defendants' motion to dismiss or for summary judgment is granted in full, resolving all claims asserted in this action as follows: the court dismisses Plaintiff's first cause of action (Section 1983 claim against the Individual Defendants in their individual capacities) with prejudice; the court grants summary judgment on Plaintiff's second cause of action (Section 1983 claim asserted against Defendant Byars in his official capacity); and the court dismisses Plaintiff's third cause of action (Public Policy Discharge claim against DJJ) without prejudice.

**IT IS SO ORDERED.**

                 s/ Cameron McGowan Currie
                 CAMERON MCGOWAN CURRIE
                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 29, 2010

---

[2] The court would reach the same conclusion even applying a *de novo* standard of review.